UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| AZRA BASIC,<br><br>    Petitioner,<br><br>V.<br><br>LOREN CARL, United States Marshal,<br>Eastern District of Kentucky,<br><br>    Respondent. | CIVIL ACTION NO. 5:12-274-KKC<br><br><br>**OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Petitioner Azra Basic's motion for release on bail while extradition proceedings continue. (DE 47). Bosnia and Herzegovina seeks to extradite Basic to face prosecution on charges of war crimes, including murder and torture. On July 27, 2012, the Magistrate Judge certified Bosnia's extradition request pursuant to 18 U.S.C. § 3184; and on August 28, 2012, Basic filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge her extradition certification. For the following reasons, Basic's motion for release on bail will be denied.

I.

There is no statutory right to a release on bail in extradition cases, but the federal common law recognizes that a court has the discretion to grant a bond in "special circumstances." *Wright v. Henkel*, 190 U.S. 40, 63 (1903).[1] Importantly, however, "bail should not ordinarily be granted," and there is a presumption against bail because national

---

[1] The relevant standards and criteria under the Bail Reform Act, 18 U.S.C. § 3141, et seq., do not apply in extradition matters. *United States v. Ramnath*, 533 F Supp. 2d 662, 666–67 (E.D. Tex. 2008); *see also Martin v. Warden, Atlanta Penitentiary*, 993 F.2d 824, 828 (11th Cir. 1993) (noting that extradition proceedings are not ordinary Article III cases and controversies, but rather a limited review delegated to the courts by the Executive).

foreign policy interests would suffer "serious embarrassment" if a bailed extraditee escaped. *Wright*, 190 U.S. at 62–63.[2] Consequently, Judge Learned Hand cautioned that an extraditee should be released on bail "only in the most pressing circumstances, and when the requirements of justice are absolutely peremptory." *In re Mitchell*, 171 F. 289, 289 (S.D.N.Y. 1909).

There are three requirements for granting bail in an international extradition proceeding. The Court must determine that the petitioner is not a flight risk, the petitioner is not a danger to the community, and that "special circumstances" warranting release on bond exist. *Ramnath*, 533 F. Supp. 2d at 665; *United States v. Hills*, 765 F. Supp. 381, 384–86 (E.D. Mich. 1991). The bail petitioner bears the burden of establishing all three requirements. *Nezirovic v. Holt*, 990 F. Supp. 2d 594, 599 n.1 (W.D. Va. 2013).[3]

## II.

Although the Bail Reform Act does not govern, the statute provides general guidelines for courts to evaluate a potential bailee's risk of flight and dangerousness to the community. *See* 18 U.S.C. § 3142(g). Relevant factors include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence; (3) the history and characteristics of the person including the

---

[2] The United States argues that, in *Wright v. Henkel*, the Supreme Court differentiated between pre-certification and post-certification bail applications. The United States asserts that *Wright* only permits granting bail *pre*-certification, and that the plain language of § 3184 precludes granting any post-certification bail application. Because the petitioner does not satisfy the requirements for bail, the Court does not address this argument.

[3] Most courts have held that the bail petitioner must establish these requirements by clear and convincing evidence. *See, e.g.*, *United States v. Londono-Villa*, 898 F.2d 328, 331 (2d Cir. 1990); *Nezirovic*, 990 F. Supp. 2d at 599 n.1; *In re Extradition of Garcia*, 761 F. Supp. 2d 468, 475 (S.D. Tex. 2010); *United States v. Castaneda-Castillo*, 739 F. Supp. 2d 49, 55 (D. Mass. 2010); *Ramnath*, 533 F. Supp. 2d at 665; *In re Extradition of Gonzalez*, 52 F. Supp. 2d 725, 735 (W.D. La. 1999); *In re Extradition of Maniero*, 950 F. Supp. 290, 294 (S.D. Cal. 1996); *In re Extradition of Nacif-Borge*, 829 F. Supp. 1210, 1215 (D. Nev. 1993). A minority of cases apply the preponderance of the evidence standard. *See, e.g.*, *Garcia v. Benov*, 2009 WL 6498194, at *3 (C.D. Cal. Apr. 13, 2009); *In re Extradition of Santos*, 473 F. Supp. 2d 1030, 1035 n.4 (C.D. Cal. 2006). This Court finds that the Petitioner does not meet her burden under either standard.

person's family ties; and, (4) the nature and seriousness of the danger posed by the person's release. *Id.*

Here, the Magistrate Judge found probable cause that Basic murdered Blagoje Djuras and tortured Mile Kuzmanovic and Cedo Maric. *In re Extradition of Azra Basic*, No. 5:11-5002, slip op. at 14, 19 (E.D. Ky. July 27, 2012).[4] These charges allege heinous violence. Basic asserts that these alleged crimes occurred during a bitter ethnic civil war, and that she has otherwise been a law-abiding citizen; however, delay does not diminish the character of the alleged actions.[5] *See also United States v. Leitner*, 784 F.2d 159, 161 (2d Cir. 1986) (affirming the district court's denial of bail despite the alleged acts of terrorism occurring years earlier); *Nezirovic*, 990 F. Supp. 2d at 603–04 (denying bail despite the alleged isolated acts of torture occurring decades earlier). Allegations of such gruesome violence gives this Court pause.

Further, Basic has no family ties in Kentucky. Although the Fultz family stated that Basic would be welcome to reside at their home, the Court does not find that their offer—however sincere—establishes sufficient family ties. *Compare United States v. Michelson*, 607 F. Supp. 693, 697 (E.D.N.Y. 1985) (denying bail and noting insufficient family ties for a person without relatives or a significant number of friends or extended family in the United States), *with Gouveia v. Vokes*, 800 F. Supp. 241, 243 n.1 (E.D. Pa. 1992) (granting bail and finding sufficient family ties for a person that was married with two children and owned a home in the district).

Thus, the Court finds significant risk of flight and dangerousness.

---

[4] The Court is not offering a substantive evaluation of any of the evidence presented before the Magistrate Judge, but–like all courts evaluating the merits of bail in an international extradition case–is instead looking at the nature of the charges against her.

[5] A witness, Radojica Garic, testified that Basic stabbed Djuras "in the area of his neck . . . [and a]fter that[,] Azra took us by the hair and dragged us to the wound on the neck . . . and made us drink that blood." *Id.* at 15.

## II.

Basic has not met the requirements for granting her release on bail. She is a risk of flight and potentially dangerous; therefore, the Court does not evaluate whether "special circumstances" exist. Accordingly, **IT IS ORDERED** that the petitioner's motion for bail (DE 47) is **DENIED**.

Dated September 10, 2014.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY