UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| AZRA BASIC, | CIVIL ACTION NO. 5:12-cv-274-KKC |
|     Petitioner, | |
| V. | **MEMORANDUM<br>OPINION AND ORDER** |
| TIMOTHY STECK, acting United States Marshal, Eastern District of Kentucky, | |
|     Respondent. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Petitioner Azra Bašić's motion to stay the Court's Opinion and Order (DE 52) and Judgment (DE 53) pending her appeal to the United States Court of Appeals for the Sixth Circuit. (DE 54). On July 9, 2015, the Court issued an Opinion and Order, and contemporaneous Judgment, denying Bašić's petition for a writ of *habeas corpus* challenging the Magistrate Judge's certification that Bašić is subject to extradition under 18 U.S.C. § 3184. (DE 52; DE 53). For the following reasons, the Court will grant Bašić's motion to stay the Court's Opinion and Order(DE 52) and Judgment (DE 53) pending appeal.

I.

"A stay is not a matter of right, even if irreparable injury might otherwise result to the [movant]. It is an exercise of judicial discretion." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926) (citation omitted). The decision whether to issue a stay "is dependent upon the circumstances of the particular case." *Id.* at 672–73.

The Supreme Court, in the immigration context, held that the "traditional stay factors" apply to requests to stay removal proceedings. *Nken v. Holder*, 556 U.S. 418, 425–26, 434 (2009). The *Nken* Court held that the traditional stay factors, rather than stricter standards, should apply in removal proceedings because "a stay of removal pending adjudication of a petition for review does not ask for a coercive order against the Government, but rather for the temporary setting aside of the source of the Government's authority to remove." *Id.* at 429. Similar considerations apply to extradition proceedings; therefore, this Court will also apply the traditional stay factors in this matter. The traditional stay factors include: (1) likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) any substantial injury the opposing party may suffer; and (4) public interest. *Id.* at 434. "The first two factors of the traditional standard are the most critical." *Id.*

## A. LIKELIHOOD OF SUCCESS

A movant must establish a "better than negligible" chance of success on the merits that is "more than a mere possibility of relief." *Nken*, 556 U.S. at 434 (quotations omitted). A movant satisfies this requirement if he or she can "demonstrate a substantial case on the merits." *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987).

Likelihood of success on the merits does *not* require a movant establish a "strong likelihood of success on appeal." *See id.* Understandably, the Supreme Court did not set such a high bar for issuing a stay because—in many instances—the district court has already ruled against the moving party. *See Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 960–61 (2009); *Hilton*, 481 U.S. at 778. Instead of requiring courts to reconsider the merits of an issue, demonstrating a substantial case on the merits merely requires that a court identify whether the movant advanced certain legal arguments that, if

2

the reviewing court accepts, could be dispositive. *See Hilton*, 481 U.S. at 778; *see also United States v. Perry*, 33 F. App'x 214, 215–16 (6th Cir. 2002) (holding that a movant failed to raise a substantial question of law because the movant's legal challenge could not be dispositive (citing *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985))).

Here, Bašić has demonstrated a substantial case on the merits. She has presented three case-dispositive issues including: (1) whether the extradition treaty between the United States and Bosnia prohibits extradition of United States citizens; (2) whether Bosnia satisfied the treaty requirement of presenting a duly authenticated copy of Bašić's arrest warrant; and (3) whether Bosnia satisfied the treaty requirement of presenting a claim that is not barred by the applicable statute of limitations. (DE 54 at 6–10.) All three of these issues present novel questions of first impression to the Sixth Circuit; therefore, Bašić has met her burden for establishing the first *Nken* factor. *See* 556 U.S. at 434.

**B. IRREPARABLE INJURY**

Bašić alleges that she will suffer two distinct irreparable injuries if the Court does not grant a stay. First, her appeal of the legal justification for her extradition to Bosnia will be moot. (DE 54 at 11; DE 58 at 7.) And second, she will be extradited. (DE 54 at 10.) The government does not contest that Bašić's appeal of the legal justification for her extradition will be moot. (DE 56-1 at 11–12 n.2.)

Additionally, *Nken*'s finding that removal "is not categorically irreparable" has significantly less force in the extradition context. 556 U.S. at 435. A wrongful extradition proceeding cannot be reversed as easily as a wrongful deportation proceeding. *See id.* (noting that "[a]liens who are removed may continue to pursue their petitions for review"). Accordingly, Bašić demonstrated she will suffer irreparable injury. *See id.* at 434.

**C. SUBSTANTIAL INJURY TO THE OPPOSING PARTY**

The government claims that a stay would cause substantial injury because "[u]nwarranted delay causes injury to the United States and all parties." (DE 56-1 at 14.) The Court acknowledges this delay but also notes that the executive branches of the United States and Bosnia are responsible for eighteen years of suspension in this matter. First, Bosnia issued a formal "Criminal Charge" in 1993 but did not submit an extradition request to the United States until 2007. Second, the United States requested additional information in 2009. Third, Bosnia submitted additional information in 2010. Finally, the United States filed a complaint on behalf of the Bosnian government seeking Bašić's extradition in 2011. Thus, the Court finds that this factor does not militate against issuing a stay. *See Nken*, 556 U.S. at 434.

**D. PUBLIC INTEREST**

Bašić and the government identify competing public interests. Bašić states that "[o]f course there is a public interest in preventing [citizens] from being wrongfully removed." *Nken*, 556 U.S. at 436. But the government "note[s] that the public interest will be served by the United States complying with a valid extradition application." *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986). These competing public interests do not affect the balance of the *Nken* factors governing stays pending removal. *See Nken*, 556 U.S. at 434.

**II.**

*Nken* held that likelihood of success on the merits and irreparable injury are the most critical factors in determining whether to issue a stay. 556 U.S. at 434. Here, Bašić satisfied her burden of demonstrating a substantial case on the merits and it is clear that she will suffer irreparable injury if the Court does not issue a stay. Additionally, the third

and fourth factors are not so one-sided that they could overcome the "most critical" factors. *See id.*

### III.

Accordingly, the Court **ORDERS** as follows:

1. Petitioner Azra Bašić's motion to stay (DE 54) is **GRANTED**;

2. This Court's Opinion and Order (DE 52) and Judgment (DE 53) are hereby stayed pending the resolution of Petitioner Azra Bašić's appeal to the United States Court of Appeals for the Sixth Circuit; and

3. The United States and all of its various departments, agencies, bureaus, agents, officers, and employees, including the respondent, are stayed and enjoined from extraditing Petitioner Azra Bašić from the United States until her appeal is resolved.

Dated August 12, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY